IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT LEE BUFFINGTON,

                Petitioner,

     v.                              CASE NO. 08-3170-SAC

STEPHEN N. SIX,

                Respondent.

**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a prisoner incarcerated in the Larned Mental Health Correctional Facility in Larned, Kansas, proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. Having reviewed petitioner's sparse pleadings, the court grants petitioner leave to proceed in forma pauperis, denies petitioner's request for appointment of counsel, and dismisses the petition.

Petitioner alleges error in his 2001 conviction pursuant to his no contest pleas to charges of criminal possession of a firearm and solicitation to murder. However, petitioner challenges the very same conviction in a previously filed petition pending before this court at the time, in which a stay was entered in May 2005 to allow petitioner to exhaust state court remedies.[1] Because resolution of

---

[1] *See* Buffington v. Rohling, Case No. 05-3310-SAC. The court lifted the stay on May 23, 2008. Petitioner filed the instant petition on July 9, 2008.

the earlier filed action was significantly delayed, and in recognition of petitioner's adequate but limited ability to prepare pleadings, the court liberally construes the instant pro se petition as petitioner's misguided attempt to reassert his claims for the court's consideration.

Because no apparent new claim is asserted in the instant petition, the court finds dismissal of the duplicative pleading is appropriate. *See also* 28 U.S.C. § 2244(b)(1)("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.").

Additionally, to any extent petitioner may be attempting to raise a new claim, dismissal of the petition is appropriate. This court has no jurisdiction to consider a second or successive petition absent authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because any new claim would rest only on bare statements such as the state trial court judge "lied" by convicting petitioner, the court finds it would not be in the interests of justice to transfer the petition to Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 for such authorization. *See* In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008)("When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.").

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

2

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3) is denied.

IT IS FURTHER ORDERED that the petition is dismissed as duplicative to petitioner's pending habeas action, and for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  This 29th day of August 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge